**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Floyd Popple,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Lionel Craig Apker, Jr.,<br><br>　　　　　Respondent. | No. CIV-10-546-TUC-RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On September 8, 2010, the petitioner, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) failed to conduct its Residential Re-entry Center (RRC) placement evaluation in a timely manner violating the Second Chance Act of 2007. He further claims the BOP improperly recommended him for a one-month RRC placement, while knowing he was entitled to a placement of two months and 11 days.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be denied. Popple's first claim should be denied because the BOP's alleged failure to conduct its placement evaluation in a timely manner does not violate the Second Chance Act. His second claim is not ripe.

Background

Popple was convicted in the U.S. District Court for the Eastern District of Michigan of conspiracy to possess with intent to distribute cocaine and conspiracy to launder monetary instruments. (Respondent's answer, Exhibit 1, Attachment 2.) The trial court sentenced Popple to a 24-month term of imprisonment and 24 months of supervised release. *Id.* The BOP projects Blanco will complete his sentence on October 15, 2011, assuming he earns all available good time. (Respondent's answer, Exhibit 1.)

On August 27, 2010, Popple had a meeting with Unit Manager D.S. Baker and Case Manager Patrick Sheehey. (Petition, Exhibit 1.) According to Popple, they told him he was being recommended for a one-month RRC placement. *Id*.

On September 8, 2010, Popple filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He claims the BOP failed to conduct its RRC placement evaluation in a timely manner violating the Second Chance Act of 2007. He further claims the BOP improperly recommended him for a one-month RRC placement, while knowing he was entitled to a placement of two months and 11 days. The respondent filed an answer on December 1, 2010. He argues, among other things, that the petition should be dismissed for failure to exhaust. Popple did not file a reply.

Discussion

Persons convicted in the federal criminal justice system and sentenced to a term of imprisonment are committed to the custody of the BOP. 18 U.S.C. § 3621(a). Once committed, the BOP must "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP may designate any facility the Bureau considers "appropriate and suitable" after considering five factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

      (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.A. § 3621(b).

Inmates may be placed in a Residential Re-entry Center (RRC) at any time during their term of incarceration. *Rodriguez v. Smith*, 541 F.3d 1180, 1183 (9th Cir. 2008). If an inmate requests transfer to an RRC, the BOP must consider the request in light of the five statutory factors. *Id*.

The recently enacted Second Chance Act (SCA) encourages placement in an RRC in the months immediately proceeding the prisoner's release. The Act provides that the BOP

      shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C.A. § 3624(c)(1).

"[F]ive days after the SCA went into effect, BOP officials issued a memorandum (the 'April 14 Memorandum') explaining the changes to the law and setting forth guidance to BOP staff about how to administer the new law." *Sacora v. Thomas*, 628 F.3d 1059, 1063 (9th Cir. 2010). The April 14 Memorandum "goes on to note that because the SCA has increased the maximum allowable pre-release community corrections placement period to 12 months, BOP staff must review inmates for pre-release community corrections placements earlier than before, 17-19 months prior to their projected release dates." *Id*.

In his first claim for relief, Popple claims the BOP did not conduct its SCA review until August 27, 2010, which is 3-4 months after the 17-19 month deadline as "directed by the Second Chance Act of 2007." (Petition, p. 4.) The respondent argues this claim should be dismissed for failure to exhaust administrative remedies. Assuming arguendo the claim is exhausted, the court concludes it should be denied on the merits.

1  Contrary to Popple's assertion, the 17-19 month review period is not a right guaranteed
2 in the SCA.  It appears only in the BOP's April 14 Memorandum as a guideline for its staff to
3 implement the new legislation.  This memorandum is not a law.  It does not create any rights,
4 substantively or procedurally in RCC placement.  *See U.S. v. Craveiro*, 907 F.2d 260, 264 (1st
5 Cir. 1990) ("[T]he internal guidelines of a federal agency, that are not mandated by statute or
6 the constitution, do not confer substantive rights on any party."); *Carrol v. Smith*, 2007 WL
7 2900221, *3 n.1 (E.D.Cal. 2007);  *McGee v. Thomas*, 2009 WL 2182385 (D.Or. 2009).
8 Accordingly, the BOP's failure to comply with the 17-19 month review period, does not entitle
9 Popple to habeas relief.

10  At best, Popple could argue that the BOP's failure to comply with its 17-19 month
11 review period prevented him from qualifying for the maximum 12-month RRC placement
12 authorized by the Act.  There is, however, no evidence that the BOP's alleged failure has had
13 any adverse effect on Popple's RRC placement.

14  According to Patrick Sheehey, the case manager at the Federal Prison Camp, Tucson,
15 Popple requested a transfer of his supervised release destination to the District of Arizona.
16 (Respondent's answer, Exhibit 2.)  Popple intends to reside with his ex-wife in the Phoenix area
17 after his eventual release.  *Id*.

18  This type of transfer, however, requires the approval of the U.S. Probation Office
19 (USPO) for the District of Arizona, and until the transfer is approved, the final RRC placement
20 cannot be made.  *Id*.  Sheehey states that as of November 19, 2010, the USPO has not responded
21 to the relocation request.  *Id*.  He further states that if the transfer is approved, he will likely
22 recommend that Popple receive a 3-4 month RRC placement.  *Id*.

23  The court concludes the BOP did not violate  Popple's "right" to a 17-19 month pre-
24 release RRC evaluation date.  No such "right" is guaranteed by the SCA.  Moreover, there is
25 no evidence that the BOP's alleged failure has had any effect on Popple's final RRC placement.

26  In his second claim, Popple argues that the BOP erred when it approved only a one-
27 month RRC placement.  This claim is not yet ripe.

28

The one-month recommendation, which Popple asserts he received on August 27, 2010, was only preliminary. The BOP has not yet given Popple his final RRC placement because his transfer application is not yet finalized. Until the final RRC placement is made, Popple's claim is not ripe for adjudication. *See e.g., Gardner v. Cruz*, 2010 WL 3186268, *1 (N.E.Tex. 2010); *see also Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (punctuation modified).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. (Doc. 1) The first claim may be denied on the merits. The second claim is not yet ripe.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 10th day of March, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge